DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Raymond Dale Peters, appeals from the judgment of the Wayne County Court of Common Pleas. This Court reverses.
 I. {¶ 2} This appeal arises out of a decision of the Wayne County Court of Common Pleas affirming in part and reversing in part the administrative order of the Ohio Appraiser Board ("Board") of the Ohio Department of Commerce, Division of Real Estate and Professional Licensing finding that Appellant had violated three provisions of the Ohio Revised Code. These violations stemmed from Appellant's November 1999 appraisal of property located at 1209-11 Lakefront Avenue in East Cleveland, Ohio.
 {¶ 3} In the spring of 2002, Robert Britton, the purchaser of the Lakefront Avenue property, filed a complaint against Appellant alleging that he committed professional misconduct with regard to the appraisal of that property. Following an administrative investigation, the Superintendent of the Ohio Division of Real Estate and Professional Licensing instituted three charges against Appellant encompassing violations of five of the Uniform Standards of Professional Appraisal Practice ("USPAP") Standard Rules. In April 2004, Mr. Britton sent a letter to James Hlad, the investigator with the Ohio Division of Real Estate and Professional Licensing who was investigating the complaint. The letter requested that Mr. Hlad dismiss the complaint filed against Appellant. Mr. Hlad sent this letter along with the case file to the Superintendent of the Ohio Division of Real Estate and Professional Licensing. However, the Superintendent determined it was appropriate to proceed with the charges against Appellant despite Mr. Britton's request that they be dismissed.
 {¶ 4} On July 22, 2004,[1] a hearing examiner conducted a formal hearing on the charges. Appellant received notice and appeared at the hearing. The hearing examiner issued his findings of fact and conclusions of law on September 9, 2004. The hearing examiner concluded that each of the charges was supported by a preponderance of the evidence. Appellant appealed this decision to the Board and the Board conducted a hearing on the charges on October 28, 2004. Again, Appellant received notice and appeared at the hearing. The Board issued its opinion on November 15, 2004, finding that Appellant violated R.C. 4763.11(G)(4), R.C.4763.11(G)(5) and R.C. 4763.11(G)(6) as those sections incorporated Appellant's violations of five of the USPAP Standard Rules. The Board disciplined Appellant for these violations. On November 22, 2004, Appellant requested that the Board reconsider its decision. The Board reconsidered its position in a meeting held on January 21, 2005. On February 3, 2005, the Board issued its opinion, modifying the discipline imposed in the November 15, 2004 order.
 {¶ 5} Appellant appealed the Board's decision to the Wayne County Court of Common Pleas. The trial court reviewed the Board's decision and determined that, with regard to charge one, there was sufficient evidence to support the Board's decision that Appellant violated R.C. 4763.11(G)(5) and R.C. 4763.11(G)(6) but insufficient evidence that he violated R.C. 4763.11(G)(4). The court also found that there was insufficient evidence to support violations of charges two and three. Appellant timely appealed the trial court's decision, raising two assignments of error for our review. Although Appellee did not file a notice of appeal from the trial court's judgment, it has raised one assignment of error which we decline to address. We have combined Appellant's two assignments of error to facilitate our review.
 II. APPELLANT'S ASSIGNMENT OF ERROR I
"THE COMMON PLEAS COURT ERRED IN FAILING TO FIND THAT THE HEARING EXAMINER AND APPRAISAL BOARD VIOLATED [APPELLANT'S] DUE PROCESS RIGHTS."
 APPELLANT'S ASSIGNMENT OF ERROR II
"THE COMMON PLEAS COURT ERRED IN FINDING THAT THE DECISION OF THE OHIO APPRAISAL BOARD WAS IN ACCORDANCE WITH LAW."
 {¶ 6} In Appellant's first assignment of error he contends that the trial court erred in failing to find that the hearing examiner and Board violated his due process rights. In his second assignment of error, Appellant argues that the trial court erred in finding that the Board's decision was not in accordance with the law. We find that the trial court applied the incorrect standard of review and therefore, we cannot reach the merits of Appellant's two assignments of error.
 {¶ 7} R.C. 2506.04 provides the procedure for reviewing an appeal from an order of an administrative officer or agency. Pursuant to R.C. 2506.04, the trial court:
"[C]onsiders the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147.
 {¶ 8} The standard of review to be applied by an appellate court in a R.C. 2506.04 appeal is "more limited in scope." (Emphasis sic.) Id., citing Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In Henley the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
"[R.C. 2506.04] grants a more limited power to the court of appeals[,] * * * which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted). Henley,90 Ohio St.3d at 147.
 {¶ 9} In its journal entry, the trial court stated that there was "insufficient evidence to support a violation of R.C. 4763.11(G)(4)" but "sufficient evidence to support the decision" that Appellant violated R.C. 4763.11(G)(5) and R.C.4763.11(G)(6). A comparison of a common pleas court's proper standard of review of an administrative appeal and the standard of review stated and utilized by the court below reveals discrepancies. The record reveals that the trial court utilized an incorrect standard, basing its conclusions on sufficient evidence, not on a "preponderance of substantial, reliable, and probative evidence," the standard set forth by the legislature in R.C. 2506.04.
 {¶ 10} If a common pleas court finds that the administrative decision is unconstitutional, illegal, arbitrary, capricious, or unreasonable, it need not find that it is also unsupported by the preponderance of substantial, reliable, and probative evidence. However, before affirming an administrative decision the common pleas court must review the record and determine whether the decision was 1) unconstitutional, illegal, arbitrary, capricious, unreasonable or 2) unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 11} Based on the foregoing, we find that the court of common pleas utilized the incorrect standard of review in reaching its decision; therefore, its judgment is erroneous as a matter of law, and its judgment may not stand. See White v.County of Summit, 9th Dist. No. 21152, 2003-Ohio-1807, ¶ 11.
 {¶ 12} Although neither party raises this issue, we also note that the trial court's decision with regard to Appellant's violation of R.C. 4763.11(G)(4) contains an inherent inconsistency. (Emphasis added.) First, the trial court stated that there was "insufficient evidence to support a violation of R.C. 4763.11(G)(4)." Then, in conclusion, the trial court affirmed the Board's decision with regard to the first charge, which encompassed the allegations that Appellant violated R.C.4763.11(G)(4), R.C. 4763.11(G)(5) and R.C. 4763.11(G)(6). (Emphasis added.) In light of the discrepancy in the court's disposition of these charges, we urge the trial court to clarify its holding on remand.
 {¶ 13} We find merit in Appellant's two assignments of error to the extent that we agree that the trial court committed error in applying the wrong standard of review. However, we reverse the trial court's judgment on other grounds.
 APPELLEE'S ASSIGNMENT OF ERROR
"THE COMMON PLEAS COURT ERRED BY REVERSING PORTIONS OF THE APPRAISALS [SIC] BOARD'S FINDINGS OF VIOLATIONS AND THEREBY FAILED TO GIVE DUE DEFERENCE TO THE APPRAISAL BOARD'S INTERPRETATIONS OF ITS STATUTES, RULES AND REGULATIONS."
 {¶ 14} In Appellee's sole assignment of error, it contends that the trial court erred by reversing portions of the Board's findings regarding Appellant's violations of USPAP rules and thereby failed to afford due deference to the Board's interpretations of its statutes, rules and regulations. In light of Appellee's failure to file a notice of appeal from the trial court's judgment, we decline to address Appellee's sole assignment of error.
 III. {¶ 15} Appellant's assignments of error are sustained to the extent that we agree that the trial court committed error. Appellee's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, P.J. Whitmore, J. concur.
[1] Both the findings and the transcript cover page identified the date that the hearings occurred as July 22, 2004. However, at the beginning of the hearing, the hearing examiner announced the date as July 8, 2004.